UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHEDRICK ADREKIS NEAL,

    Petitioner,

v.                                                                               Case No. 4:16cv787-MW-CJK

STATE OF FLORIDA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

On December 18, 2016, Chedrick Neal filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). At the time Neal filed the petition, he was confined at the Wakulla County Jail in Crawfordville, Florida, pursuant to a writ of bodily attachment.[1] Petitioner claimed the detention violated his constitutional rights and requested his immediate release.

Upon receipt of the petition, the court issued an order directing petitioner to either pay the $5.00 filing fee or submit a motion to proceed *in forma pauperis*.

---

[1] *See Sanders v. Laird*, 865 So. 2d 649, 651-52 (Fla. 2d DCA 2004) ("Florida Family Law Rule of Procedure 12.615(e) contemplates the use of the writ of bodily attachment to bring before the court a contemnor who has failed to comply with the purge provisions of a civil contempt order. The use of the writ is constitutional if the person is brought before the court within forty-eight hours and the court finds that the contemnor still has the ability to comply with the purge provision before ordering incarceration.").

(Doc. 3). The order was sent to the Wakulla County Jail but returned as undeliverable due to petitioner's release from custody.[2] (Doc. 5).

Because petitioner has been released from jail, there is no longer a case or controversy to litigate in this habeas corpus action. The court can no longer offer petitioner the relief he seeks; thus, the petition is moot. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."); *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993) ("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."); *cf. Watkins v. Haynes*, 445 F. App'x 181, 183 (11th Cir. 2011) ("If a petitioner's sentence expires while his habeas petition is awaiting adjudication, some collateral consequence must be present in order to satisfy the case-or-controversy requirement.") (*citing Carafas v. LaVallee*, 391 U.S. 234, 237-38, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968)). Furthermore, the court has no valid mailing address for petitioner.

---

[2] The Wakulla County Clerk of Court's website indicates the writ of bodily attachment was rescinded on December 21, 2016—shortly after Neal filed the petition. *See* Case No. 2012DR205, https://www.civitekflorida.com/ocrs/app/search.xhtml (last visited Jan. 17, 2017).

Case No. 4:16cv787-MW-CJK

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1) filed pursuant to 28 U.S.C. § 2241 be DISMISSED AS MOOT.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 20th day of January, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.